ORME (REINHART v.). See Case No. 11,682.

ORME (STETTINIUS v.). See Case No. 13,-386.

## Case No. 10,579.

### ORMSBEE v. WOOD.

[3 Fish. Pat. Cas. 372.] [2]

Circuit Court, S. D. New York. Jan., 1868.

Patents—Construction of Claim—Infringement.

The invention described in the letters patent granted to Albert S. Southworth, April 10, 1855,

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

reissued September 25, 1860, consists in bringing successively into the field of the lens of a camera. the different portions of a single plate, or several smaller plates.

This was a bill in equity filed [by Marcus Ormsbee against John Wood] to restrain the defendant from infringing letters patent for a "plate holder for cameras," granted to Albert S. Southworth, April 10, 1855, [No. 12,700], reissued September 25, 1860 [No. 1,049]. assigned to Simon Wing and complainant December 8, 1860. On the same day, the exclusive right for the state of New York, was conveyed by Wing to complainant. The invention is fully described in the case of Wing v. Richardson [Case No. 17,869].

W. J. A. Fuller, for complainant.

N. Appleton, for defendant.

BLATCHFORD, District Judge. This is a final hearing on pleadings and proofs on a bill filed upon letters patent reissued to Albert S. Southworth, of Boston, Massachusetts, September 25, 1860, for a "plate holder for cameras." The original patent was issued to Southworth as inventor, April 10, 1855. The reissued patent was assigned by Southworth to Simon Wing and the plaintiff, December 8, 1860, and on the same day Wing conveyed to the plaintiff the exclusive right under the same for the city of New York. The alleged infringement took place in the city of New York. The invention covers what is commonly known in the photographic art as the multiplying camera or plate holder. Before this invention, it was customary to use a separate plate for each impression; the plate being removed from the camera and replaced by another when several impressions of the same objects were to be taken. This invention consists in bringing successively into the field of the lens of the camera the different portions of a single plate, or several smaller plates. This is done by a peculiar arrangement of a frame in which the plate holder is permitted to slide, the position of the plate holder being definitely indicated to the operator so that he can quickly and accurately adjust the plate or plates. The claim of the reissued patent is: "Bringing the different portions of a single plate, or several smaller plates, successively into the field of the lens of the camera, substantially in the manner and for the purpose specified."

Various defenses are set up in the answer of the defendant, but no testimony has been taken to sustain them; they are substantially the same defenses that were set up in the suit in equity of Wing v. Richardson [Case No. 17,869], decided in the circuit court of the United States for the district of Massachusetts, in June, 1865, by Mr. Justice Clifford, which was a bill founded on the same reissued patent. In that case it was decided: 1. That the pat-

entee invented the improvement claimed. 2. That the reissued patent was for the same invention as that described in the original patent. 3. That the defense of abandonment was not proved. 4. That the patent was not open to objections as patenting a principle or result. 5. That the patentee was the first inventor of the improvement.

The infringement in the present case is proved.

There must be a decree for a perpetual injunction in accordance with the prayer of the bill, and for a reference to a master to take and state an account of the profits derived by the defendant from the infringement.

[For other cases involving this patent. see Wing v. Schoonmaker. Case No. 17,870; Wing v. Richardson, Id. 17,869; Wing v. Anthony, 106 U. S. 142, 1 Sup. Ct. 93; Wing v. Warren, Case No. 17,871.]